# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff-Appellee,<br>v.<br>PORFIRIO ZARATE-LANCHE,<br>      Defendant-Appellant. | Case No.: 19-mj-20104-LL-H-1<br><br>**ORDER AFFIRMING MAGISTRATE JUDGE CONVICTION AND JUDGMENT** |

On January 15, 2019, Defendant Porfirio Zarate-Lanche filed a notice of appeal to the district court. (Doc. No. 10.) The appeal is timely, and the Court has jurisdiction over the appeal pursuant to 18 U.S.C. § 3402.

## **Background**

On January 4, 2019, Defendant was arrested approximately half a mile north of the United States/Mexico border and four miles west of the San Ysidro, California, Port of Entry. (Doc. No. 1 at 2.) Defendant stated that he is a citizen of Mexico without immigration documents that would allow him to enter or remain in the United States legally. (Id.)

On January 7, 2019, the Government filed a criminal complaint charging Defendant with being "an alien, [who] did knowingly elude examination and inspection by

Immigration Officers, a misdemeanor; in violation of Title 8, United States Code, Section 1325(a)(2)." (Doc. No. 1.)

On January 7, 2019, at Defendant's initial appearance hearing, Defendant's counsel objected to the proceedings on the basis that they violated the United States Constitution. (Doc. No. 15-1, Ex. A at 1.) On January 10, 2019, Defendant appeared before the Magistrate Judge and entered a plea of guilty to the single count for violation of 8 U.S.C. § 1325(a)(2) in the complaint. (Doc. No. 6; Doc. No. 15-2, Ex. B.) The Magistrate Judge accepted Defendant's guilty plea and subsequently sentenced Defendant to time served. (Doc. Nos. 6, 8.)

The Magistrate Judge entered a final judgment on January 11, 2019. (Doc. No. 8.) On January 15, 2019, Defendant filed a timely notice of appeal. (Doc. No. 10.) See Fed. R. Crim. P. 58(g)(2)(B) (setting forth a 14-day deadline for filing an appeal from a magistrate judge's judgment of conviction).

## Discussion

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." 18 U.S.C. § 3402. Federal Rule of Criminal Procedure 58(g)(2)(B) provides: "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." Fed. R. Crim. P. 58(g)(2)(B).

On appeal, Defendant argues that his conviction should be vacated because his criminal proceedings violated the Equal Protection Clause and the Due Process Clause of the United States Constitution. (Doc. No. 15 at 1, 3.) Specifically, Defendant argues that his criminal proceedings violated his equal protection and due process rights because criminal defendants charged with violating 8 U.S.C. § 1325 are not prosecuted through the Central Violations Bureau ("CVB") court. (Id. at 3-9.) In response, the Government argues that Defendant's constitutional rights were not violated by the proceedings. (Doc. No. 18 at 3-5.) Constitutional issues are reviewed *de novo* on appeal. United States v.

Kuchinski, 469 F.3d 853, 857 (9th Cir. 2006); see United States v. Vongxay, 594 F.3d 1111, 1114 (9th Cir. 2010).

Defendant asserts that the Government's failure to prosecute him in CVB court violates his equal protection rights because Defendant and others charged with violating 8 U.S.C. § 1325(a)(2) are, by definition, set apart on the basis on their alienage and national origin. (Doc. No. 15 at 7-8.) The Ninth Circuit has explained: "However, there is a distinction between statutes which classify based on alienage and statutes which classify based on criminal actions. Given Congress' plenary power over immigration, imposing different rules on immigrants versus citizens does not in itself create a suspect classification." United States v. Mendoza-Hinojosa, 216 F.3d 1085, at *2 (9th Cir. 2000) (citing Fiallo v. Bell, 430 U.S. 787, 792 (1977)). Here, the statute at issue, 8 U.S.C. § 1325(a)(2), prohibits "[a]ny alien" from "elud[ing] examination or inspection by immigration officers." The statute creates a classification based upon specific criminal action, "elud[ing] examination or inspection by immigration officers," and not alienage. See United States v. Mazariegos-Ramirez, No. 18MJ22276-WQH, 2019 WL 338923, at *2 (S.D. Cal. Jan. 28, 2019) ("[8 U.S.C. § 1325(a)(2)] creates a classification based upon criminal action and not alienage."). Thus, the statute does not create a suspect classification.

"Non-suspect classifications are 'constitutionally valid if there is a plausible policy reason for the classification, the legislative facts on which the classification is apparently based rationally may have been considered to be true by the governmental decisionmaker, and the relationship of the classification to its goal is not so attenuated as to render the distinction arbitrary or irrational.'" Allied Concrete & Supply Co. v. Baker, 904 F.3d 1053, 1060 (9th Cir. 2018). "'Further, because the classification is presumed constitutional, the burden is on the [party] attacking the legislative arrangement to negative every conceivable basis which might support it.'" Id. at 1060-61. Here, Defendant has failed to negate every conceivable basis to support prosecuting him for violation of § 1325(a)(2) in the district court rather than the CVB court. First, the CVB is charged with processing violation

notices (tickets) issued for petty offenses committed on federal property. (Doc. No. 18 at 3.) Defendant does not assert that his offense occurred on federal property, and there is nothing in the record showing that the offense occurred on federal property. Second, in order to receive a CVB violation notice, a defendant must provide the issuing officer with a U.S. mailing address. (See Doc. No. 18 at 3.) There is nothing in the record showing that Defendant possesses a U.S. mailing address. Third, prosecuting § 1325(a)(2) defendants in the district court conserves judicial resources. See United States v. Ramirez-Ortiz, No. 3:19-CR-00300-BTM, 2019 WL 950332, at *1 (S.D. Cal. Feb. 27, 2019) ("Misdemeanor § 1325 cases are handled together rather than on the CVB calendar because it makes 'organizational sense' given the volume of § 1325 cases and divergent jurisdictional underpinnings of CVB court."); see also Bankers Life & Cas. Co. v. Crenshaw, 486 U.S. 71, 82 (1988) (recognizing the conservation of judicial resources as a legitimate government interest). As a result, Defendant's equal protection claim fails.

Defendant also asserts that the Government's failure to prosecute him in CVB court violates his substantive and procedural due process rights. (Doc. No. 15 at 8-9.) The Court rejects this argument. "'[S]ubstantive due process' prevents the government from engaging in conduct that 'shocks the conscience' or interferes with rights 'implicit in the concept of ordered liberty.'" United States v. Salerno, 481 U.S. 739, 746 (1987) (citations omitted). Thus, in order to establish a violation of substantive due process, a claimant must show that the "the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Cty. of Sacramento v. Lewis, 523 U.S. 833, 847 (1998); see Rochin v. California, 342 U.S. 165, 172–73 (1952). "[This] 'shock the conscience' standard erects a high hurdle for would-be claimants." Aguilar v. U.S. Immigration & Customs Enf't Div. of Dep't of Homeland Sec., 510 F.3d 1, 21 (1st Cir. 2007); accord Ms. L. v. U.S Immigration & Customs Enf't, 302 F. Supp. 3d 1149, 1166 (S.D. Cal. 2018). Prosecution for violation of 8 U.S.C. § 1325(a)(2) in the district court rather than in the CVB court falls well short of "shocking the contemporary conscience," and, thus, Defendant's substantive due process claim fails.

Defendant's procedural due process claim also fails. "A procedural due process claim has two elements." Franceschi v. Yee, 887 F.3d 927, 935 (9th Cir. 2018). The claimant must demonstrate: "'(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections.'" Id. Here, Defendant fails to explain how he was denied adequate procedural protections. Defendant's proceedings were conducted in accordance with the Federal Rules of Criminal Procedure, and Defendant does not contend that any aspect of his criminal proceedings violated those procedural rules. As a result, Defendant's procedural due process claim fails.

In sum, Defendant has failed to show that his conviction for violation of 8 U.S.C. § 1325(a)(2) violated the Equal Protection Clause or the Due Process Clause of the United States Constitution. See Mazariegos-Ramirez, 2019 WL 338923, at *2 (holding that the defendant's prosecution for violation of 8 U.S.C. § 1325(a)(2) in the district court rather than in CVB court "does not the violate the Equal Protection Clause or the Due Process Clause of the United States Constitution"); Ramirez-Ortiz, 2019 WL 950332, at *1-2 (holding the same). As such, the Court affirms Defendant's conviction.

## Conclusion

For the reasons above, the Court denies Defendant's appeal and affirms Defendant's conviction and judgment.

**IT IS SO ORDERED.**

DATED: April 22, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT